IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEPHANIE GRIFFITH**                                                                                   **PLAINTIFF**

vs.                                                                   **CIVIL ACTION No.: 3:24-CV-97-HTW-LGI**

**ALLSTATE INSURANCE COMPANY and JOHN DOES I–X**          **DEFENDANTS**

**ORDER**

In Plaintiff Stephanie Griffith's ("Griffith") underinsured motorist coverage case stemming from a rear-ender car accident, Defendant Allstate Insurance Company ("Allstate") filed [Docket 20], a motion for partial summary judgment,[1] in which Allstate asks this court to grant judgment against Griffith on Griffith's extra-contractual damage claims.  Griffith did not timely respond, and, after this Court entered a show cause order, Griffith indicated that she "does not object" to Allstate's motion.  [Docket 28].

Griffith suffered a road accident wherein, allegedly, a driver negligently struck the rear of Griffith's sport utility vehicle (SUV).  Griffith made a claim to Allstate, from whom she had purchased underinsured motorist coverage.  Allstate paid for the repairs to Griffith's SUV over a $200 deductible.  Allstate offered $750 to settle Griffith's uninsured bodily injury claims, well under what Griffith sought.  Griffith brought suit in state court,[2] alleging that Allstate refused to

---

[1] This Court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[2] Within a month, Allstate removed the suit to this Court on the basis of federal jurisdiction due to diversity of citizenship. [Docket 1].  This Court currently is working with the parties to ensure the record contains sufficient pleadings to cement the real parties in interest and their citizenship.  This dispute is between Griffith, supposedly a citizen of the State of Mississippi, and a real-party-in-interest-Allstate-entity, supposedly a citizen of the States of Delaware and Illinois (and "John Does," whose citizenship is ignored).  Further, Allstate pleads, without contest—and it appears

make adequate payment, violated its policies, and failed to conduct a proper investigation of Griffith's claims. [Docket 1-1]. Griffith included counts for breach of contract, breach of the implied covenant of good faith and fair dealing (both tortious and contractual), and bad faith.

Courts may not grant "[a] motion for summary judgment … simply because there is no opposition[;]"[3] but those courts *may* grant summary judgment "on the basis that the [nonmovant] had not established a fact issue on an essential element of their case."[4] Such is the case here. Allstate has come forward with undisputed evidence to show that this case boils down to a "pocketbook dispute," wherein Allstate did investigate and offer payment on Griffith's claim, even if it did not rise to Griffith's preferred amount. Allstate has made a showing, then, under the facts presented, that its conduct did not "rise to the heightened level of an independent tort," such that a finding of bad faith or punitive damages might have been appropriate as a matter of law. *Cossitt v. Alfa Ins. Corp.*, 726 So. 2d 132, 139 (Miss. 1998). Griffith, unopposed to the motion, did not counter this showing with evidence that establishes a genuine dispute of material fact. This Court, thus, finds that partial summary judgment dismissing Griffith's bad faith, extra-contractual damages, and punitive damages claim is appropriate and **GRANTS** [Docket 20].

SO ORDERED AND ADJUDGED this the   7th   day of     March    , 2025.

/s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

facially apparent that—the amount in controversy exceeds $75,000 less interest and costs. Therefore, this Court presently is satisfied that it has diversity subject-matter jurisdiction.

[3] *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435 (5th Cir. 2014) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). Even there, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact." *Hibernia Nat'l Bank*, 776 F.2d at 1279.

[4] *Sangi v. Fairbanks Cap. Corp.*, 219 F. App'x 359, 362 (5th Cir. 2007).